**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORLYSHA COTTON, an individual, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983) |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; ERIC WHITNEY, in his individual capacity as a law enforcement officer for the San Francisco Police Department; and DOES 1-50, inclusive. | JURY TRIAL DEMANDED |
| Defendants. | |

1
PLAINTIFF'S COMPLAINT FOR DAMAGES
Cotton v. CCSF, et al.

## INTRODUCTION

1. On September 13, 2024, Plaintiff, Korlysha Cotton, was at the SFO BART station, on her way to catch a flight to her late grandmother's wake, when San Francisco police officer Eric Whitney and other yet-to-be-identified San Francisco police officers physically attacked Ms. Cotton, who was merely suspected of fare evasion—a non-violent infraction.

2. Through their use of excessive force, Officer Whitney and other yet-to-be-identified San Francisco police officers physically and emotionally injured Ms. Cotton. As a result, she sustained injuries to her back, right knee and pinky finger. Additionally, she now requires therapy as she suffers from emotional distress because of the incident.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Mateo, which is within this judicial district.

## PARTIES

4. Plaintiff KORLYSHA COTTON (hereinafter "Plaintiff") is a competent adult, a resident of California, and a citizen of the United States. Plaintiff brings these claims individually under 42 U.S.C. § 1983 of the United States Constitution, as well as under California law.

5. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "Defendant CCSF") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the San Francisco Police Department. Pursuant to California Government Code § 815.2, Defendant CCSF is vicariously liable for the violation of rights by its employees and agents.

6. Defendant ERIC WHITNEY (hereinafter "Defendant WHITNEY") was, and at all times herein is, a police officer for the San Francisco Police Department and employed by Defendant CITY AND COUNTY OF SAN FRANCISCO.

7. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Defendants DOES 1 through 50 are employees of Defendant CITY AND COUNTY OF SAN FRANCISCO. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and excessive force. Each Defendant DOE 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

8. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant CCSF.

9. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff filed a timely government claim with Defendant CCSF on February 28, 2025, which was rejected on April 11, 2025.

## FACTUAL ALLEGATIONS

12. On September 13, 2024, at or around 1:30 p.m., Plaintiff, who had just turned 21-years-old, was near the San Francisco Airport BART Terminal on her way to a flight scheduled to take off at 2:46 p.m. Plaintiff had purchased a ticket to fly to Southern California to attend her grandmother's wake, which was scheduled for later that day. Plaintiff further planned to attend her grandmother's funeral, which was scheduled for the following day in Southern California.

13. Before September 13, 2024, Plaintiff had never taken BART to San Francisco International Airport. As a result, Plaintiff was unaware that she needed to exit the train she was on and board a separate train to reach the San Francisco International Airport. In an attempt to locate and board the correct train, Plaintiff asked a BART attendant for help. The BART attendant explained that Plaintiff purchased the wrong ticket and needed to purchase a different ticket for a shuttle that would take her directly to the airport.

14. However, Plaintiff's only means of purchasing the correct ticket was by using her cellphone, which did not have reception in this area, and required a Wi-Fi connection to make the purchase. Plaintiff asked the BART attendant if she could go through the turnstiles and walk to an area inside the station that had public Wi-Fi access, thereby enabling Plaintiff to purchase the correct ticket. The BART attendant refused Plaintiff's request. Plaintiff, panicked and in a rush because her flight was boarding soon, decided to pass through the turnstiles to reach the area with Wi-Fi and purchase the correct ticket

15. Seconds after Plaintiff passed through the turnstiles, Defendant Whitley, who was sitting on a stool inside the BART station, sprung to his feet and confronted Plaintiff. Plaintiff is a petite woman, approximately five (5) feet tall and weighing approximately 130 pounds. Defendant Whitney, on the other hand, is a large man standing at least six (6) feet tall and weighing significantly more than Plaintiff.

16. Defendant Whitney grabbed Plaintiff and told her that she needed to pay to enter the station. Plaintiff attempted to explain to Defendant Whitney that she was trying to purchase a ticket, that she could only do so if her phone was connected to Wi-Fi, and that the only public Wi-Fi available to her was inside the station. Instead of listening to Plaintiff, Defendant Whitney towered over Plaintiff, brought his face inches away from Plaintiff's face, and shouted at Plaintiff to leave the station. On information and belief, Defendant Whitney intentionally towered over Plaintiff and brought his face within inches of Plaintiff's face to both intimidate Plaintiff and provoke a violent altercation.

17. Plaintiff, feeling threatened by Defendant Whitney, attempted to step away from Defendant Whitney and create space between the two. Plaintiff again tried to explain to Defendant

Whitney that she was not trying to avoid paying her fare, but instead of listening Defendant Whitney began to grab Plaintiff and push her back toward the turnstiles. Defendant Whitney did not tell Plaintiff that she was being detained or was under arrest and did not tell Plaintiff that he would be citing her for fare evasion. Plaintiff felt threatened by Defendant Whitney and did not appreciate the way Defendant Whitney was grabbing her and getting close to her face, so Plaintiff took a step backward, away from Defendant Whitney.

18. Suddenly, and without any warning that force would be used, Defendant Whitney used a closed fist to forcefully sucker punch Plaintiff directly in cheek/jaw area of Plaintiff's face. Defendant Whitney fully extended his arm and rotated his body through, contacting Plaintiff's face. Plaintiff was knocked backward and off balance, and Defendant Whitney proceeded to grab Plaintiff, swing her around, and forcefully slam Plaintiff to the concrete floor. Plaintiff landed on her back and Defendant Whitney immediately got on top of her and punched Plaintiff in the face again.

19. Plaintiff, realizing that Defendant Whitney would not listen to reason and was unlawfully using excessive force, began to reflexively contort her body to defend herself from further unlawful uses of excessive force, which Plaintiff reasonably believed Defendant Whitney was about to commit. Plaintiff did not hit nor strike Defendant Whitney, but instead merely grabbed and held onto Defendant Whitney's hands and wrist areas to prevent him from punching her in the face again. Defendant Whitney periodically wrestled his hands free on several occasions and immediately used them to continue punching Plaintiff in the body and face. At one point, Defendant Whitney got on top of Plaintiff with his full bodyweight and slammed her face into the ground. Plaintiff tried to curl into a ball to protect her face and body from Defendant Whitney's continuous punches. Defendant Whitney, realizing that Plaintiff was protecting her face from his punches, picked Plaintiff up off the ground and slammed her into the concrete, stunning her and opening her up for further strikes. Defendant Whitney again got on top of Plaintiff, began kneeling on her, punched her in the face, took out his pepper spray, and sprayed it in Plaintiff's eyes from inches away and for approximately five seconds straight.

20. Eventually, after the prolonged beating, approximately five (5) or six (6) backup

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

police officers arrived. The presence of other police officers, who would be witnesses to Defendant Whitney's unlawful and extreme force, made Plaintiff believe that Defendant Whitney would finally stop using excessive force. Plaintiff stopped protecting herself and allowed the police officers to secure her in handcuffs. A yet-to-be-identified police officer held Plaintiff on her side for several minutes while emergency medical attention was on its way. A different yet-to-be-identified officer stood Plaintiff up and poured water into Plaintiff's eyes. Despite that Plaintiff was handcuffed and surrounded by many officers, one of the yet-to-be-identified police officers yanked and pulled Plaintiff around by her handcuffs and threatened that if Plaintiff didn't stop moving, he would "drop" her.

21. Emergency medical technicians arrived and took Plaintiff to the hospital, where medical staff washed the pepper spray out of Plaintiff's eyes.

22. Plaintiff was taken to Redwood City Jail, where she was charged with three (3) crimes: resisting an executive officer in violation of P.C. § 69; battery with injury on a peace officer in violation of P.C. § 243(c)(2); and disturbing the peace by loud noise in violation of P.C. § 415(2).

23. On September 17, 2024, Plaintiff pled not guilty to the P.C. § 69 and P.C. § 243(a)(2) charges. On June 11, 2025, Plaintiff pled no contest to the P.C. § 415(2) disturbing the peace charge. Tellingly, the resisting (P.C. § 69) and battery (P.C. §243(a)(2)) charges against Plaintiff were dismissed.

## DAMAGES

24. As a direct and proximate result of each of the Defendants' use of excessive force against Plaintiff, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as a United States citizen.

25. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. hospital and medical expenses;
   b. pain and suffering, including emotional distress;
   c. violation of constitutional rights; and

d. all damages, penalties, and attorney's fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

26. The conduct of Defendant Whitney and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendant Whitney and DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. Section 1983)**
(*PLAINTIFF against Defendant Whitney and DOES 1-50*)

27. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

28. Shortly after confronting Plaintiff, Defendant WHITNEY and DOES 1-50 forcefully punched Plaintiff in her face, slammed her onto the concrete, sprayed Plaintiff's eyes with pepper spray, and continued to strike and use force against Plaintiff while she was on the ground. In doing so, Defendant WHITNEY and DOES 1-50 drastically escalated a situation with a person suspected of a non-violent infraction, who posed no threat to anyone, which was well out of the bounds of a reasonable law enforcement action.

29. Defendant WHITNEY and DOES 1-50 had available alternative methods of confronting and/or subduing Plaintiff that did not require any use of force, such as explaining to Plaintiff that she would merely be receiving a ticket for fare evasion, telling Plaintiff that she was detained and not free to leave, or warning Plaintiff of their intent to use force. Instead, Defendant WHITNEY and DOES 1-50 chose to forego de-escalation techniques and to immediately use intermediate force options, carrying a significant risk of substantial injury or harm, escalating the situation in a manner that was neither faster nor more effective than the less dangerous and less painful alternatives available to them.

30. Defendant Whitney and DOES 1-50's conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

31. As a result of Defendant WHITNEY and DOES 1-50's conduct, Plaintiff was physically and emotionally injured. Plaintiff's injuries were a direct and proximate result of Defendant WHITNEY and DOES 1-50's actions.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Negligence)
*(PLAINTIFF against Defendants CCSF, Whitney, and DOES 1-50)*

32. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

33. At all times, Defendants WHITNEY and DOES 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

34. At all times, Defendants WHITNEY and DOES 1-50 owed Plaintiff the duty to act with reasonable care.

35. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. to refrain from employing excessive force;
   b. to only use force that is reasonably necessary under the circumstances;
   c. to refrain from escalating a non-violent and non-threatening encounter into a violent confrontation;
   d. to refrain from abusing their authority granted them by law;
   e. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

36. Defendants WHITNEY and DOES 1-50, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

37. Defendants WHITNEY's and DOES 1-50's acts were done within the scope of their employment as police officers for the Defendant CITY AND COUNTY OF SAN FRANCISCO. Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal Gov. Code section 815.2.

38. As a direct and proximate result of Defendants' negligence, Plaintiff sustained

injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(PLAINTIFF against Defendants CCSF, Whitney, and DOES 1-50)*

39. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

40. Plaintiff brings her "Bane Act" claim individually for direct violation of her own rights.

41. By their conduct described herein, Defendants WHITNEY and DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

    a. Right to be free from excessive force.

42. Through threats, intimidation, and coercion, Defendants WHITNEY and DOES 1-50 committed acts of violence against Plaintiff and caused Plaintiff to reasonably believe she would be the victim of further acts of violence. All of Defendants WHITNEY and DOES 1-50's violations were volitional, intentional acts, done with reckless disregard for Plaintiff's rights.

43. Defendants WHITNEY's and DOES 1-50's acts were done within the scope of their employment as police officers for the Defendant CITY AND COUNTY OF SAN FRANCISCO. Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable for the violation of rights by its employees and agents pursuant to Cal. Gov. Code § 815.2.

44. As a direct and proximate result of Defendants' violations of California Civil Code § 52.1, and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages as set forth above, and is entitled to punitive damages against Defendants WHITNEY and DOES 1-50, including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Civil Battery)**
(*PLAINTIFF against Defendants CCSF, Whitney and DOES 1-50*)

45. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

46. Defendants WHITNEY and DOES 1-50, while working as police officers for Defendant CCSF and acting within the course and scope of their duties, intentionally struck and injured Plaintiff without a lawful basis and in excess of what was reasonable under the circumstances. Defendants WHITNEY's and DOES 1-50's use of force while carrying out their law enforcement duties was unreasonable, excessive, and unnecessarily escalated an otherwise non-violent and non-threatening situation.

47. Plaintiff did not consent to Defendants WHITNEY's and DOES 1-50's uses of force.

48. As a result of Defendants WHITNEY's and DOES 1-50's conduct, Plaintiff suffered physical injuries.

49. As a direct and proximate result of Defendants WHITNEY's AND DOES 1-50's harmful contact, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

50. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendants WHITNEY and DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be

allowed by California and/or federal law;

5. For the cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated: October 10, 2025        POINTER & BUELNA, LLP
                               LAWYERS FOR THE PEOPLE

                               /s/ *LATEEF H. GRAY*
                               LATEEF H. GRAY
                               Attorney for PLAINTIFF